**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Annette Robledo,<br><br>              Plaintiff,<br><br>v.<br><br>CEC Entertainment Incorporated, an Arizona corporation doing business as Chuck E. Cheese's, et al.,<br><br>              Defendants. | No. CV14-1269 PHX DGC<br><br>**ORDER** |

        Plaintiff's counsel have moved to withdraw. Doc. 26. They advise the Court that Plaintiff has stopped communicating with them and her location is now unknown. *Id.* Counsel have tried communicating with Plaintiff by email, telephone, mail, through her mother, and with the aid of a process server, all to no avail. *Id.* Plaintiff has failed to cooperate with counsel in preparing for a settlement conference scheduled by the Court for November 21, 2014. *See* Doc. 19.

        Plaintiff has a general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc*., 587 F.2d 27, 29 (9th Cir. 1978). Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In *Link v. Wabash Railroad Co.*, 370 U .S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) appears to require a motion. Moreover, in appropriate circumstances, the Court may dismiss a

complaint for failure to prosecute even without notice or hearing. *Id*. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)). Here, the first, second, and third factors favor dismissal. Plaintiff's failure to communicate with her counsel and prepare for events scheduled by the Court prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's current address, however, certain alternatives are bound to be futile. As in *Carey*, "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." *Id*. at 1441.

The Court concludes that dismissal of this case under Rule 41(b) is appropriate.

**IT IS ORDERED:**

1. Counsel's motion to withdraw (Doc. 26) is **granted**.
2. Plaintiff's motion to vacate (Doc. 24) is **granted.** The settlement conference set in this case for November 21, 2014 at 1:30 p.m. before Judge John A. Buttrick is **vacated**.
3. Pursuant to Rule 41(b), this action is **dismissed**.
4. The Clerk shall enter judgment accordingly.

Dated this 17th day of November, 2014.

_____
David G. Campbell
United States District Judge